IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CASEY CROSSER, individually and on behalf of his minor children, S. C., a minor, C. C., a minor and E. C., a minor, } } } } | |
| *Plaintiffs,* } | |
| v.                                            } | No. 1:23-cv-02362-STA-jay |
|                                                } | |
| EMR EXPRESS, INC. and                          } | *JURY DEMANDED* |
| JOHNATHAN MATEL,                               } | |
| *Defendants*.              } | |

### AMENDED ANSWER OF DEFENDANT EMR EXPRESS, INC. TO PLAINTIFFS' COMPLAINT

**COMES NOW** the Defendant, EMR Express, Inc. ("Defendant"), by and through undersigned counsel of record, and pursuant to the FEDERAL RULES OF CIVIL PROCEDURE, files its Amended Answer to the Complaint ("Complaint") of Plaintiffs Casey Crosser, individually and on behalf of his minor children S.C., a minor, C.C., a minor, and E.C., a minor (hereinafter referred to as "Plaintiffs"), and states as follows:

### FIRST DEFENSE

The Complaint fails to state a claim or cause of action upon which relief can be granted against the Defendant, and, in accordance with Rule 12.02(6) of the FEDERAL RULES OF CIVIL PROCEDURE, the Defendant would file this Motion to Dismiss requesting the Court dismiss it from this cause with prejudice, with the costs expended and to be expended taxed to the Plaintiffs.

## **SECOND DEFENSE**

In response to the numbered paragraphs of the Complaint, this Defendant would respond as follows:

1. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 1 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected.

2. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 2 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected.

3. The allegations set forth in Paragraph 3 of Plaintiffs' Complaint are admitted.

4. Upon information and belief, the allegations set forth in Paragraph 4 of Plaintiffs' Complaint are admitted.

5. The allegations set forth in Paragraph 5 of Plaintiffs' Complaint are admitted.

6. The allegations set forth in Paragraph 6 of Plaintiffs' Complaint are admitted.

7. The allegations set forth in Paragraph 7 of Plaintiffs' Complaint are admitted.

8. The allegations set forth in Paragraph 8 of Plaintiffs' Complaint are admitted.

9. The allegations set forth in Paragraph 9 of Plaintiffs' Complaint are hereby denied as stated.

10. The allegations set forth in Paragraph 10 of Plaintiffs' Complaint are admitted.

11. The allegations set forth in Paragraph 11 of Plaintiffs' Complaint are admitted only to the extent that Defendant admits that vehicle contact occurred between the vehicle being operated by Defendant Matel and vehicle being operated by Plaintiff Casey Crosser.

12. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 12 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected.

13. The allegations set forth in Paragraph 13 of Plaintiffs' Complaint are denied.

14. The allegations set forth in Paragraph 14 of Plaintiffs' Complaint are hereby denied as stated.

15. The allegations set forth in Paragraph 15 of Plaintiffs' Complaint are denied.

16. The allegations set forth in Paragraph 16 of Plaintiffs' Complaint are denied.

17. The allegations set forth in Paragraph 17 of Plaintiffs' Complaint are denied.

18. The allegations set forth in Paragraph 18 of Plaintiffs' Complaint are denied.

19. The allegations set forth in Paragraph 19 of Plaintiffs' Complaint are denied.

20. The allegations set forth in Paragraph 20 of Plaintiffs' Complaint are denied.

21. The allegations set forth in Paragraph 21 of Plaintiffs' Complaint are denied.

22. The allegations set forth in Paragraph 22 of Plaintiffs' Complaint are admitted.

23. The allegations set forth in Paragraph 23 of Plaintiffs' Complaint are admitted.

24. The allegations set forth in Paragraph 24 of Plaintiffs' Complaint state a legal conclusion for which no response is required; however, to the extent a response is deemed required, Defendant denies same and demands proof thereof if its rights are affected.

25. The allegations set forth in Paragraph 25 of Plaintiffs' Complaint state a legal conclusion for which no response is required; however, to the extent a response is deemed required, Defendant denies same and demands proof thereof if its rights are affected.

26. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 26 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected. Further,

Defendant avers the allegations set forth in Paragraph 26 of Plaintiffs' Complaint call for expert medical conclusions for which Plaintiffs bear the burden of proof, and therefore, Defendant denies same and demands strict proof thereof if its rights are to be affected.

27.     Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 27 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected.  Further, Defendant avers the allegations set forth in Paragraph 27 of Plaintiffs' Complaint call for expert medical conclusions for which Plaintiffs bear the burden of proof, and therefore, Defendant denies same and demands strict proof thereof if its rights are to be affected.

28.     Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 28 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected.  Further, Defendant avers the allegations set forth in Paragraph 28 of Plaintiffs' Complaint call for expert medical conclusions for which Plaintiffs bear the burden of proof, and therefore, Defendant denies same and demands strict proof thereof if its rights are to be affected.

29.     Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 29 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected.

30.     Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 30 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected.  Further, Defendant avers the allegations set forth in Paragraph 30 of Plaintiffs' Complaint call for expert medical conclusions for which Plaintiffs bear the burden of proof, and therefore, Defendant denies same and demands strict proof thereof if its rights are to be affected.

31. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 31 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected. Further, Defendant avers the allegations set forth in Paragraph 31 of Plaintiffs' Complaint call for expert medical conclusions for which Plaintiffs bear the burden of proof, and therefore, Defendant denies same and demands strict proof thereof if its rights are to be affected.

32. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 32 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected. Further, Defendant avers the allegations set forth in Paragraph 32 of Plaintiffs' Complaint call for expert medical conclusions for which Plaintiffs bear the burden of proof, and therefore, Defendant denies same and demands strict proof thereof if its rights are to be affected.

33. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 33 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected. Further, Defendant avers the allegations set forth in Paragraph 33 of Plaintiffs' Complaint call for expert medical conclusions for which Plaintiffs bear the burden of proof, and therefore, Defendant denies same and demands strict proof thereof if its rights are to be affected.

34. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 34 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected.

35. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 35 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected. Further,

Defendant avers the allegations set forth in Paragraph 35 of Plaintiffs' Complaint call for expert medical conclusions for which Plaintiffs bear the burden of proof, and therefore, Defendant denies same and demands strict proof thereof if its rights are to be affected.

36. The allegations set forth in Paragraph 36 of Plaintiffs' Complaint state a legal conclusion for which no response is required; however, to the extent a response is deemed required, Defendant denies same and demands proof thereof if its rights are affected.

37. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 37 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected. Further, Defendant avers the allegations set forth in Paragraph 37 of Plaintiffs' Complaint call for expert medical conclusions for which Plaintiffs bear the burden of proof, and therefore, Defendant denies same and demands strict proof thereof if its rights are to be affected.

38. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 38 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected. Further, Defendant avers the allegations set forth in Paragraph 38 of Plaintiffs' Complaint call for expert medical conclusions for which Plaintiffs bear the burden of proof, and therefore, Defendant denies same and demands strict proof thereof if its rights are to be affected.

39. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 39 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected. Further, Defendant avers the allegations set forth in Paragraph 39 of Plaintiffs' Complaint call for expert medical conclusions for which Plaintiffs bear the burden of proof, and therefore, Defendant denies same and demands strict proof thereof if its rights are to be affected.

40. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 40 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected.

41. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 41 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected. Further, Defendant avers the allegations set forth in Paragraph 41 of Plaintiffs' Complaint call for expert medical conclusions for which Plaintiffs bear the burden of proof, and therefore, Defendant denies same and demands strict proof thereof if its rights are to be affected.

42. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 42 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected. Further, Defendant avers the allegations set forth in Paragraph 42 of Plaintiffs' Complaint call for expert medical conclusions for which Plaintiffs bear the burden of proof, and therefore, Defendant denies same and demands strict proof thereof if its rights are to be affected.

43. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 43 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected.

44. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 44 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected. Further, Defendant avers the allegations set forth in Paragraph 44 of Plaintiffs' Complaint call for expert medical conclusions for which Plaintiffs bear the burden of proof, and therefore, Defendant denies same and demands strict proof thereof if its rights are to be affected.

45. The allegations set forth in Paragraph 45 of Plaintiffs' Complaint state a legal conclusion for which no response is required; however, to the extent a response is deemed required, Defendant denies same and demands proof thereof if its rights are affected.

46. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 46 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected. Further, Defendant avers the allegations set forth in Paragraph 46 of Plaintiffs' Complaint call for expert medical conclusions for which Plaintiffs bear the burden of proof, and therefore, Defendant denies same and demands strict proof thereof if its rights are to be affected.

47. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 47 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected. Further, Defendant avers the allegations set forth in Paragraph 47 of Plaintiffs' Complaint call for expert medical conclusions for which Plaintiffs bear the burden of proof, and therefore, Defendant denies same and demands strict proof thereof if its rights are to be affected.

48. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 48 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected. Further, Defendant avers the allegations set forth in Paragraph 48 of Plaintiffs' Complaint call for expert medical conclusions for which Plaintiffs bear the burden of proof, and therefore, Defendant denies same and demands strict proof thereof if its rights are to be affected.

49. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 49 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected.

50. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 50 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected.  Further, Defendant avers the allegations set forth in Paragraph 50 of Plaintiffs' Complaint call for expert medical conclusions for which Plaintiffs bear the burden of proof, and therefore, Defendant denies same and demands strict proof thereof if its rights are to be affected.

51. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 51 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected.  Further, Defendant avers the allegations set forth in Paragraph 51 of Plaintiffs' Complaint call for expert medical conclusions for which Plaintiffs bear the burden of proof, and therefore, Defendant denies same and demands strict proof thereof if its rights are to be affected.

52. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 52 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected.

53. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 53 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected.  Further, Defendant avers the allegations set forth in Paragraph 53 of Plaintiffs' Complaint call for expert medical conclusions for which Plaintiffs bear the burden of proof, and therefore, Defendant denies same and demands strict proof thereof if its rights are to be affected.

54. The allegations set forth in Paragraph 54 of Plaintiffs' Complaint state a legal conclusion for which no response is required; however, to the extent a response is deemed required, Defendant denies same and demands proof thereof if its rights are affected.

55. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 55 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected. Further, Defendant avers the allegations set forth in Paragraph 55 of Plaintiffs' Complaint call for expert medical conclusions for which Plaintiffs bear the burden of proof, and therefore, Defendant denies same and demands strict proof thereof if its rights are to be affected.

56. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 56 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected. Further, Defendant avers the allegations set forth in Paragraph 56 of Plaintiffs' Complaint call for expert medical conclusions for which Plaintiffs bear the burden of proof, and therefore, Defendant denies same and demands strict proof thereof if its rights are to be affected.

57. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 57 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected. Further, Defendant avers the allegations set forth in Paragraph 57 of Plaintiffs' Complaint call for expert medical conclusions for which Plaintiffs bear the burden of proof, and therefore, Defendant denies same and demands strict proof thereof if its rights are to be affected.

58. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 58 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected.

59. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 59 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected. .

60. Defendant is without information or knowledge sufficient to either admit or deny the allegations set forth in Paragraph 60 of Plaintiffs' Complaint, and therefore, Defendant denies same and demands proof thereof if Defendant's rights are to be affected. Further, Defendant avers the allegations set forth in Paragraph 60 of Plaintiffs' Complaint call for expert medical conclusions for which Plaintiffs bear the burden of proof, and therefore, Defendant denies same and demands strict proof thereof if its rights are to be affected.

61. The allegations set forth in Paragraph 61 of Plaintiffs' Complaint state a legal conclusion for which no response is required; however, to the extent a response is deemed required, Defendant denies same and demands proof thereof if its rights are affected.

62. Apart from Plaintiffs' request for trial by jury, in response to Plaintiffs' Prayers for Relief contained within the un-numbered Paragraphs that begins "WHEREFORE," including subparagraphs (1.) through (4.), Defendant denies that it is liable to Plaintiffs for the relief requested, and/or any relief or damages of any kind, for the claims and allegations asserted in Plaintiffs' Complaint.

63. Any and all allegations not heretofore admitted, denied, or otherwise explained are here and now denied as though set forth specifically and denied.

64. Defendant demands a jury of twelve (12) to try the issues when joined.

### THIRD DEFENSE

The Defendant affirmatively pleads the defense of modified comparative fault as it exists under the laws of the State of Tennessee, and would state the Plaintiffs' injuries and/or damages, if any, were the direct and proximate result of the negligence of the Plaintiffs. Specifically, Defendant avers the negligence of Plaintiff Casey Crosser in operating his motor vehicle in a unsafe and unreasonable manner, failing to maintain a safe lookout, and failing to exercise care in the operation of his motor vehicle, caused and/or contributed to the subject incident, injuries,

and damages as alleged by Plaintiffs, if any. Should the Plaintiffs be found to be 50% or greater at fault, Defendant submits that Plaintiffs' claims are barred. If the fault of Plaintiffs is found to be less than 50%, Defendant asserts that Defendant's proportion of damages should be reduced by the percentage of fault assigned to the Plaintiffs.

**FOURTH DEFENSE**

Defendant expressly denies any fault or negligence, as alleged in Plaintiffs' Complaint, and pleading in the alternative, asserts the defense of comparative fault as it currently exists in the State of Tennessee. Further, Defendant avers the actions or inactions of Plaintiffs caused or contributed to the subject incident and injuries as alleged by Plaintiffs, if any. Further, these actions or inactions on the part of Plaintiffs constitutes fault that mitigates or bars Plaintiffs' claim against the Defendant pursuant to the doctrine of modified comparative fault as recognized by the State of Tennessee.

**FIFTH DEFENSE**

Defendant affirmatively avers that to the extent any injuries and/or damages allegedly suffered by Plaintiffs were proximately caused and/or contributed to by the Plaintiffs, Defendant would not be liable for any such injuries and/or damages.

**SIXTH DEFENSE**

If Plaintiffs incurred any damages as a result of the allegations set forth in the Complaint, such damages were proximately caused or contributed to by the negligence of Plaintiffs in failing to exercise the degree of care and caution as required of reasonable persons or entities under the same or similar circumstances.

**SEVENTH DEFENSE**

For further affirmative defense, Defendant avers that the incident as described in the Complaint herein, and the claimed damages, losses and expenses, if any, would have been the direct and proximate result of independent, intervening or superseding acts and/or omissions on the part of Plaintiffs.

**EIGHTH DEFENSE**

Defendant specifically denies that the Plaintiffs sustained injuries, losses and/or damages to the extent that Plaintiffs claims, and further denies that Plaintiffs is entitled to any of the relief requested.

**NINTH DEFENSE**

Defendant affirmatively pleads the Plaintiffs' claims should be reduced or denied if Plaintiffs failed to mitigate any alleged damages.

**TENTH DEFENSE**

Defendant avers that if the Plaintiffs are suffering from any illness, condition, injury, or disability, which is specifically denied, any such illness, condition, injury or disability is due to a pre-existing condition or illness and/or arose out of some act, event or occurrence other than the incident alleged in Plaintiffs' Complaint, and/or is not the result of any action or inaction on the part of the Defendant.

**ELEVENTH DEFENSE**

This Defendant relies upon all defenses available to it pursuant to the Tennessee Civil Justice Act of 2011 including, but not limited to, the Act's cap on the amount economic, noneconomic and punitive damages which may be awarded.

**TWELFTH DEFENSE**

The facts not having been fully developed, Defendant adopts the following affirmative defenses: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge and bankruptcy, duress, estoppel, failure of consideration, fraud, injury by a fellow servant, laches, license, payment, release, race judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance of affirmative defense as may be shown by the facts in this case.

**THIRTEENTH DEFENSE**

For further affirmative defense, Defendant avers that the incident described in the Plaintiffs' Complaint, and the resulting injuries, damages, and losses, if any, are the result of an unavoidable accident so far as Defendant is concerned because the alleged occurrence transpired in spite of Defendant's exercise of reasonable and ordinary care, therefore, the Defendant would not be liable to Plaintiffs in any amount whatsoever.

**FOURTEENTH DEFENSE**

Defendant hereby gives notice to Plaintiffs as stated in this Answer that it lacks sufficient knowledge or information upon which to form a belief as to the truth of a certain allegation contained in Plaintiffs' Complaint or specific knowledge of actions on the part of persons that may have contributed to the cause of Plaintiffs' alleged damages. Until Defendant avails itself of the rights of discovery, it cannot determine whether the above-stated defenses will be asserted at trial. Defendant asserts these defenses in its Answer in order to preserve its right to assert same at trial and to give Plaintiffs notice of its intention to assert some or all of these defenses and avoid a waiver of any of these defenses.

**FIFTEENTH DEFENSE**

Defendant asserts that any and all damages potentially received by Plaintiffs in this case are subject to and limited by the Tennessee Civil Justice Act of 2011.

**SIXTEENTH DEFENSE**

The Defendant reserves the right to amend the answer to the Complaint, including, but not limited to, the ability to assert additional affirmative defenses and/or add potentially responsible parties.

**WHEREFORE**, **PREMISES CONSIDERED,** having fully responded to the Complaint filed against them, Defendant prays that this matter be hence dismissed with all costs taxed to Plaintiffs. Failing dismissal, Defendant prays for a hearing on all issues joined by the pleadings, a trial by jury, an award of discretionary costs, and for such further, general relief to which it might be entitled in these premises.

This the 27th day of July, 2023.

Respectfully submitted,

MCANGUS GOUDELOCK & COURIE, LLC

*/s/ Garrett O'Brien*
GARRETT O'BRIEN (30288)
ROBERT E. TURNER, IV (35364)
5350 Poplar Ave., Ste. 800
Memphis, TN 38119
Phone: (901) 896-3421
Facsimile: (678) 669-3546
Email: garrett.obrien@mgclaw.com
Email: rob.turner@mgclaw.com

ATTORNEY FOR DEFENDANT
EMR EXPRESS, INC.

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Brandon Bass
LAW OFFICES OF JOHN DAY, P.C.
5141 Virginia Way, Suite 270
Brentwood, Tennessee 37027
Phone: (615) 742-4880
Fax: (615) 742-4891
Email: bbass@johndaylegal.com
*Attorney for Plaintiffs*


      This the 27th day of July, 2023.

                                              *s/ Garrett O'Brien*
                                              GARRETT O'BRIEN